I. GOLDMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

H. GOLDMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11173, 11907. Promulgated June 27, 1928.

*Leon Samuels, Esq.,* and *Victor Aaron, Esq.,* for the petitioners.
*Thomas P. Dudley, Jr., Esq.,* for the respondent.

OPINION.

Van Fossan: The first issue raised is whether or not the firm of Goldman's Cloak & Suit Co., in which the petitioners had equal inter-

ests, was entitled to deduct in 1920 and 1921 the sums of $4,936.99 and $7,226.21, respectively, representing general expenses and traveling expenses incurred during those years by the petitioners and by R. Fineman, the floor manager of said firm.

We are concerned not so much with the particular method of bookkeeping used by the partnership and the petitioners in charging and crediting their various accounts, as with the use to which such expenditures were actually devoted. It appears beyond question that the sums claimed as entertainment and traveling expenses were utilized for those purposes, and as such were ordinary and necessary expenses incurred during the taxable years of 1920 and 1921 in carrying on the trade or business of the partnership. The evidence shows that more than the amounts charged were actually spent by petitioner I. Goldman for the benefit of the business and that the amounts so expended by H. Goldman and R. Fineman were duly authorized. Consequently, the fact that the partners and the floor manager were not required to, and did not, keep an accurate itemized statement of these expense accounts is not material. *Leon Oppenheimer*, 7 B. T. A. 1156; *Hess Bros.*, 7 B. T. A. 729.

Therefore, we hold that the sums of $4,936.99 and $7,226.21 should be deducted from the partnership's gross income for the years 1920 and 1921, respectively, under the provisions of section 214(a)(1) of the Revenue Acts of 1918 and 1921.

Among the savings bank deposits made for the credit of I. Goldman appear items which obviously may contain a certain amount of gain and profit, such as rents, sales of bonds, etc. The petitioner has failed to segregate such items and to show that his income tax has been paid on such gains and profits. In the absence of evidence to the contrary, we must approve the action of the Commissioner in adding the sums of $7,804.20 and $6,838.97 to the income of petitioner I. Goldman for the years 1920 and 1921, respectively.

*Judgment will be entered under Rule 50.*